United States Court of Appeals

For the Eighth Circuit

_____

No. 19-2189
_____

United States of America

*Plaintiff - Appellee*

v.

Clinton D. McDonald

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: April 13, 2020
Filed: July 20, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

    Clinton McDonald pled guilty, without a plea agreement, to distributing morphine and codeine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession of heroin with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and being a felon in possession of a firearm, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] adopted the presentence report's recommended Guidelines range of 151 to 188 months, and sentenced McDonald to 176 months imprisonment on each of the drug counts and 120 months imprisonment on the firearms count, to be served concurrently, to be followed by three years of supervised release. McDonald appeals, contending that the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

The factual background of the charges includes the following: in March 2016, while in the custody of the Bureau of Prisons in a residential reentry center, McDonald sold codeine and morphine, which he represented to be heroin, to an undercover officer. In July 2018, McDonald was arrested for possession of 11.87 grams of a mixture or substance containing heroin after law enforcement officers witnessed McDonald participate in a hand-to-hand transaction. Finally, in August 2018, McDonald was apprehended after crashing his vehicle at the end of a mid-day high speed chase through downtown Springfield, Missouri. During the chase, two firearms were thrown from the vehicle and two loaded handguns along with an empty rifle magazine were found in the vehicle.

McDonald now asserts that: his sentence is greater than necessary to accomplish sentencing goals; the district court failed to properly weigh the 28 U.S.C. § 3553(a) factors; and his sentence overstates the seriousness of the offenses and will have little deterrent effect. McDonald further contends that the resulting sentence created a sentencing disparity because two other individuals in the vehicle during the chase were not charged with a firearms crime.

---

[1]The Honorable Douglas M. Harpool, United States District Judge for the Western District of Missouri.

-2-

Case 6:18-cr-03084-MDH   Document 45-1   Filed 07/20/20   Page 2 of 4
Appellate Case: 19-2189   Page: 2   Date Filed: 07/20/2020 Entry ID: 4935136

We apply a deferential abuse-of-discretion standard to a challenge that a sentence is substantively unreasonable, "tak[ing] into account the totality of the circumstances[.]" Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)). The "district court has substantial discretion in determining how to weigh the § 3553(a) factors." United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012). Finally, a sentence within the Guidelines range may be presumed reasonable on appeal. Feemster, 572 F.3d at 461.

We conclude that the district court did not abuse its discretion in imposing these within-Guidelines range sentences. At sentencing, the court considered the statutory penalties and the § 3553(a) factors, discussing specifically and at length the nature, seriousness, and circumstances of the offenses, McDonald's history and characteristics, the need to deter future criminal conduct and promote respect for the law, and the need to provide just punishment and protect the public. Argument from McDonald's attorney included reference to mitigating factors, including McDonald's chaotic background and the violent death of a close friend, and, while the district court did not discuss these factors at length, it "need not thoroughly discuss every § 3553(a) factor; rather, a district court must make it clear on the record that it has considered the factors in making a decision as to the appropriate sentence." United States v. Leonard, 785 F.3d 303, 307 (8th Cir. 2015). Further, while the district court gave considerable weight to McDonald's criminal history and the need to deter criminal conduct, "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Borromeo, 657 F.3d 754, 757 (8th Cir. 2011) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)).

-3-

Finally, McDonald asserts that his sentence yields sentencing disparities with the individuals who were with him in the vehicle during the high speed police chase, which is to be avoided under 18 U.S.C. § 3553(a)(6) (providing that, in determining the sentence to be imposed, the court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). We reject this claim because, as McDonald concedes, nothing in the record indicates that either of these individuals has been charged, much less sentenced, for conduct similar to McDonald's.

The district court did not abuse its discretion in sentencing McDonald, and we affirm.

_____

-4-

Case 6:18-cr-03084-MDH   Document 45-1   Filed 07/20/20   Page 4 of 4
Appellate Case: 19-2189   Page: 4   Date Filed: 07/20/2020 Entry ID: 4935136